■ BAYERISCHE HYPO-UND VEREINSBANK AG, Appellant, v HSBC BANK USA, N.A., et al., Respondents, and TROWERS & HAMLIN, Intervenor-Respondent. [40 NYS3d 764]—

Orders, Supreme Court, New York County (Marcy S. Friedman, J.), entered on or about July 21, 2015, which denied plaintiff's motion for summary judgment, and granted defendants' motions for summary judgment dismissing the complaint as against them, unanimously modified, on the law, to declare that the subject funds do not belong to plaintiff, and otherwise affirmed, without costs.

Because the mistaken payment at issue was effected by wire transfer, this action is governed by UCC article 4-A. While plaintiff is correct that, to the extent a particular claim as to a wire transfer does not contravene or alter the rights and obligations created under article 4-A, a common-law claim may be asserted (*see e.g. Sheerbonnet, Ltd. v American Express Bank, Ltd.*, 951 F Supp 403, 413-414 [SD NY 1995]), this is not such a case. Plaintiff's attempt to cancel the payment order is directly governed by UCC 4-A-211 (1), which provides that, where, as here, a payment order has been accepted, a communication cancelling it is not effective without the agreement

of the receiving bank, here, defendant HSBC Bank USA. Further, once the order was accepted, the funds became the property of the beneficiary, here, intervenor-defendant (TIBC) (*see* UCC 4-A-104 [1]; *Bank of N.Y. v Norilsk Nickel*, 14 AD3d 140, 145 [1st Dept 2004], *lv dismissed* 4 NY3d 846 [2005]), and it was permissible for HSBC to set off the overdraft owed to it by TIBC against the funds (*see* UCC 4-A-502). Similarly, because title had passed to TIBC, TIBC's other creditors were then able to attach the funds. Concur—Mazzarelli, J.P., Andrias, Saxe, Feinman and Gische, JJ. ▮